IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.J., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:22-cv-02752-LMM |
| PACIFIC CAPITAL ) | |
| FUNDING, LLC, ) | |
| ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND ADD PARTIES

COMES NOW Plaintiff and hereby files this brief in support of her Motion to File Amended Complaint, as follows:

**I.   Introduction**

This case arises out of minor A.J.'s sex trafficking at Defendants' Days Inn by Wyndham located at 2191 Northwest Parkway, Marietta, Georgia, 30067 ("Days Inn"). A.J. alleges she was the victim of minor sex trafficking in December of 2012 at the Days Inn, which was then owned by Defendant Pacific Capital Funding, LLC ("Pacific Capital").

Pacific Capital was properly served with this lawsuit on July 26, 2022. However, Pacific Capital has not entered an appearance, filed an answer, or otherwise participated in this lawsuit thus far, and is currently in default.

Plaintiff has continued to investigate her claims and has determined that Pacific Capital owned the Days Inn for roughly four months and that the employees of both the prior owner and the new owner operated the Days Inn during Pacific Capital's ownership, when A.J. was trafficked as a minor at the hotel.

For that reason, because two additional parties operated the hotel of whom Plaintiff could not have been aware, Plaintiff requests the Court allow her file the attached First Amended Complaint, adding two additional parties, Tajj Associates, LLC and Highland Hotel Group, LLC.

## II.   Argument

The Federal Rules of Civil Procedure encourage liberal amendments to the pleadings. Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 406-07 (11th Cir. 1989). Under Rule 15(a), after the time expires to amend the pleadings as a matter of course, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has interpreted Rule 15(a) to mean that, absent a substantial justification to deny the amendment, the plaintiff "ought to be

afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave to amend only where there is a substantial reason, such as undue delay, futility, bad faith, or undue prejudice to the opposing party. *Burger King Corp. v. Weaver*, 169 F.3 d 1310, 1319 (11th Cir. 1999); *Halliburton &Assocs. v. Henderson, Few & Co.*, 774 F.2d 441,443 (11th Cir. 1985); *see also Floyd v. Easter Airlines, Inc.*, 872 F.2d 1462 (11th Cir. 1989), rev'd on other grounds ("The mere passage of time, without anything more, is an insufficient reason to deny leave to amend").

In this case, there is no "substantial reason" to deny Plaintiff's Motion to Amend the Complaint. Plaintiff has not unduly delayed amendment as the Defendant in this case has not made an appearance and is in default and Plaintiff had to ascertain the facts of the hotel's operation on her own. Plaintiff now seeks to amend the Complaint because of the new information about the hotel's operation, which she only recently discovered. There is no unfair prejudice to the additional Defendants because they will be served with the First Amended Complaint in due course and will have the opportunity to fully and fairly respond to the First Amended Complaint just as any other Defendant may respond under the Federal Rules of Civil Procedure.

Further, this amendment will not delay the proceedings and Plaintiff is not acting in bad faith. Defendant Pacific Capital's failure to respond to the lawsuit has delayed this proceeding and Plaintiff has worked diligently to determine the necessary parties involved in the absence of Pacific Capital's participation in the lawsuit.

In short, there is not a substantial reason to deny the Motion to Amend. To the contrary, granting the motion would allow Plaintiff and the other necessary parties to the lawsuit, to fully litigate these matters properly before this Court in this very serious case arising out of a child's minor sex trafficking. Plaintiff should be allowed to test her claims on the merits.

### III. Conclusion

For these reasons, Plaintiff respectfully requests that the Court grant leave to Plaintiff to file the proposed Amended Complaint, attached hereto as Exhibit A.

This 16th day of September, 2022.

                Respectfully submitted,

                **ANDERSEN, TATE & CARR, P.C.**

                ***/s/ Patrick J. McDonough***
                Patrick J. McDonough
                Georgia Bar No. 489855
                pmcdonough@atclawfirm.com
                Jonathan S. Tonge
                Georgia Bar No. 303999

                                        jtonge@atclawfirm.com
                                        *Attorneys for Plaintiff*

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680