IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

A.J.,                                    :
                                         :
        Plaintiff,                       :
                                         :        CIVIL ACTION FILE
        v.                               :        NO. 1:22-cv-02752-LMM
                                         :
PACIFIC CAPITAL                          :
FUNDING, LLC; TAJJ                       :
ASSOCIATES, LLC;                         :
HIGHLAND HOTEL GROUP, LLC;               :
COBB REAL ESTATE SERVICES,               :
LLC,                                     :
                                         :
        Defendants.                      :
                                         :

**<u>JOINT PRELIMINARY REPORT AND DISCOVERY PLAN</u>**

Plaintiff and Defendant, Cobb Real Estate Services, LLC, held a Rule 26(f)

conference on January 5, 2023.  The parties hereby submit the following joint

preliminary report and discovery plan, pursuant to Local Rule 16.2.

1.      **<u>Description of the case:</u>**

        **(a)    Describe briefly the nature of this action.**

        This case arises from allegations that Plaintiff was trafficked for sex at the

Days Inn, located at 2191 Northwest Parkway S.E., Marietta, Georgia 30067 (the

"Days Inn.")  Plaintiff asserts statutory claims against Defendants pursuant to the

1

Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595.

**(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff alleges she was a victim of minor sex trafficking at Defendants' Days Inn by Wyndham, located at 2191 Northwest Parkway, Marietta, Georgia 30067 around December 2012. Plaintiff alleges Defendants either owned, managed, supervised, operated, oversaw, controlled the operation of, and/or were inextricably connected to the renting of rooms at the Days Inn, from which they benefitted financially.  Plaintiff alleges Defendants knew or should have known they benefitted from participating in a venture with Plaintiff's trafficker, which injured Plaintiff. Defendant Cobb Real Estate Services, LLC has denied the allegations against it.

**( c) The legal issues to be tried are as follows:**

Whether Defendants violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a); the amount of damages Plaintiff is entitled to recover; whether Plaintiff is entitled to recover attorneys' fees pursuant to O.C.G.A. §§ 13-6-11, 9-11-68 and 9-15-14, and 18 U.S.C. §

1595(a); and whether Plaintiff is entitled to recover punitive damages pursuant to O.C.G.A § 51-12-5.1 and 18 U.S.C. § 1595(a).

**(d ) The cases listed below (include both style and action number) are:**

1. Pending related cases:

There are no pending related cases to this case.

**2.   This case is complex because it possesses one or more of the features listed below (please check):**

None of the factors apply to this case.

**3.   Counsel:**

The following individually named-attorneys are hereby designated as lead counsel for the parties:

*Attorneys for Plaintiff*
Patrick J. McDonough
Jonathan S. Tonge
Andersen, Tate & Carr
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097


*Attorneys for Defendant*
Michael J. Rust
Nicole C. Leet
Gray, Rust, St. Amand, Moffett & Brieske, LLP
950 East Paces Ferry Road, N.E.
1700 Salesforce Tower Atlanta
Atlanta, Georgia 30326

4.      **Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

_____Yes     __X___  No

   If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

5.      **Parties to This Action:**

  **(a) The following persons are necessary parties who have not been joined.**

    None known at this time.

  **(b) The following persons are improperly joined as parties:**

    None.

  **(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

    None.

  **(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.      **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15.  Further instructions regarding amendments are contained in LR 15.

**(a)     List separately any amendments to the pleadings, which the parties anticipate will be necessary:**

None known to the parties at this time.

**(b)     Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary report and discovery schedule is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1(A)(2).

(a)     *Motions to Compel*:  Before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*:  Within 30 days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

5

(c)     *Other Limited Motions*:  Refer to Local Rules 7.2A; 7.2B and 7.2E,

respectively, regarding filing limitations for motions pending on removal, emergency

motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*:  <u>Daubert</u> motions with regard

to expert testimony no later than the date that the proposed pretrial order is submitted.

Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties will serve initial disclosures.

**9.      Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10.     Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**By plaintiff:**

Plaintiff requests a four-month discovery period.

**By Defendant:**

Defendant requests an eight-month discovery period. Defendant anticipates potential delays with identifying witnesses and evidence given the length of time elapsed since the alleged time period at issue.

**Please state below the subjects on which discovery may be needed:**

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not anticipate additional time will be necessary for discovery.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

7

None.

**(b) Is any party seeking discovery of electronically stored information?**

_____X_____ Yes _____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have agreed to work together regarding the production of

electronically stored information.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties will work together to agree on any discovery issues related to

electronically stored information.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.    Other Orders:**

**What other orders do the parties think the court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

13.   **Settlement Potential:**

    **(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) settlement conference that was held on August 17, 2022, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party:**

    Attorney for Plaintiff:  Jonathan S. Tonge

    Lead counsel (signature): */s/ Patrick J. McDonough*

    Other participants:

    Attorney for Defendant Cobb Real Estate Services, LLC:  Nicole C. Leet

    Lead counsel (signature): */s/ Nicole C. Leet*

    Other participants: Michael J. Rust

    **(b)   All parties were promptly informed of all offers of settlement and following discussions by all counsel, it appears that there is now:**

    (__)   A possibility of settlement before discovery.

    ( _X_ )   A possibility of settlement after discovery.

    (__)   A possibility of settlement, but a conference with the judge is needed.

    (__)   No possibility of settlement.

    **(c)   Counsel  ( X ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is undetermined.**

    **(d)   The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**14.     Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)     The parties (  ) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day _____, of 20__.**

**(b)     The parties (X) do not consent to having this case tried before a magistrate judge of this court.**

Respectfully submitted this 18th day of January, 2023.

**ANDERSEN, TATE, and CARR, P.C.**

*/s/ Jonathan S. Tonge*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*

**GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP**

*/s/ Nicole C. Leet*
Michael J. Rust
Georgia Bar No. 621257
mrust@grsmb.com
Nicole C. Leet
Georgia Bar No. 133044
nleet@grsmb.com
950 East Paces Ferry Road, N.E.
1700 Salesforce Tower Atlanta
Atlanta, Georgia 30326
(404) 870-7434 | Telephone
(404) 870-1048 | Facsimile
*Attorneys for Defendant, Cobb Real Estate Services, LLC*

10

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 18th day of January, 2023, I have served upon counsel of all parties a true and correct copy of the foregoing *Joint Preliminary Report and Discovery Plan* by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

Respectfully submitted this 18th day of January, 2023.

ANDERSEN, TATE, and CARR, P.C.

*/s/ Jonathan S. Tonge*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile